United States District Court
Southern District of Texas
**ENTERED**
April 11, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| VS. § | CRIMINAL NO. 4:09-CR-85-2 |
| § | |
| THIERRY KLESTON HARVEY § | |
| § | |

**MEMORANDUM AND ORDER**

Thierry Kleston Harvey pled guilty to conspiracy to possess with intent to distribute approximately 5 kilograms or more of cocaine and 1000 kilograms or more of marijuana, and conspiracy to launder monetary instruments. This Court sentenced him to a 100 month term of imprisonment. This case is before the Court on Harvey's motion to vacate, set aside, or correct his sentence (Dkt. No. 562), and the government's motion to dismiss. Having carefully considered the motions, all the arguments and authorities submitted by the parties, and the entire record, the Court is of the opinion that Harvey's motion should be denied.

**I.  Background**

Harvey was charged in a superseding indictment with conspiracy to possess with intent to distribute approximately 5 kilograms or more of cocaine and 1000 kilograms or more of marijuana, in violation of 21 U.S.C.§§ 841(a)(1), (b)(1)(A), and 846, and money laundering, in violation of 18 U.S.C. § 1956(a)(1)(A). Harvey pled guilty to both counts without a plea agreement. At his rearraignment on May 24, 2010, Harvey acknowledged that he had an opportunity to discuss his options and strategy with counsel, and reached the conclusion that he wished to plead guilty. Rearraignment Transcript (Dkt. No. 387) at 3-4. The court determined that Harvey attended junior college and had no history of mental illness or substance abuse. The Court explained the range of possible sentences, and Harvey acknowledged that he understood

the possible sentence and pled voluntarily. He specifically stated that he was not pressured or coerced to plead guilty by his lawyer. *Id.* at 3-9. Approximately five months later, on October 26, 2010, the Court granted Harvey's request to dismiss his counsel, John Patrick Smith, and appointed Kelly W. Case to represent Harvey. *See* Dkt. Nos. 206, 212, 213.

A presentence report ("PSR") was prepared, Dkt. No. 315, and Case filed objections challenging the quantity of drugs Harvey was alleged to have transported, and the inclusion of a handgun as a sentencing factor. *See* Dkt. No. 374. On August 11, 2012, Case filed a motion to withdraw because he had been elected to a state judgeship. *See* Dkt. No. 482. On August 29, 2012, the Court appointed Thomas S. Berg to represent Harvey at sentencing. Dkt. No. 497.

Berg filed supplemental objections, *see* Dkt. No. 508, which resulted in a change in the PSR sentencing recommendation from a range of 360 months to life, to 380 months, Dkt. No. 315 at 32, and Dkt. No. 515 at 3. On January 29, 2013, the Court sentenced Harvey to 100 months imprisonment on each count, to run concurrently. Harvey did not appeal.

## II.     Applicable Legal Standards

Harvey brings this motion under 28 U.S.C. § 2255, which provides for relief "for errors that occurred at trial or sentencing." *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001). The motion contends that Harvey received ineffective assistance of counsel from all four of the attorneys who represented him at various times from indictment to sentencing.

## III.    Analysis

Harvey's motion asserts four claims of ineffective assistance of counsel. To prevail on a claim for ineffective assistance of counsel, Harvey

> must show that . . . counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment. Second, the [petitioner] must show that the deficient performance prejudiced the defense. This requires showing that

> counsel's errors were so serious as to deprive the defendant of a
> fair trial, a trial whose result is reliable.

*Strickland v. Washington*, 466 U.S. 668, 687 (1984).  In order to prevail on the first prong of the *Strickland* test, Harvey must demonstrate that counsel's representation fell below an objective standard of reasonableness.  *Id.* at 687-88.  Reasonableness is measured against prevailing professional norms, and must be viewed under the totality of the circumstances.  *Id.* at 688.  Review of counsel's performance is deferential.  *Id.* at 689.

    A.    <u>Harvey's Original Attorney, Lee Wilson</u>

In his first claim for relief, Harvey alleges that his original court-appointed attorney, Lee Wilson, "had no knowledge of the case or how to defend it."  Harvey further contends that Wilson incorrectly told him that "plea deals don't exist."  Wilson moved to withdraw from the case on September 4, 2009.  *See*. Dkt. No. 63.  Wilson's motion was granted on September 14, 2009.  Dkt. No. 66.

Assuming that Harvey's allegations are true, and that they sufficiently allege deficient performance by Wilson, they nonetheless fail to demonstrate that Harvey is entitled to relief.  As the brief recitation of facts above shows, Wilson was merely the first of four lawyers to represent Harvey between his indictment and his sentencing.  Harvey fails to plead any prejudice caused by Wilson's alleged deficient performance.  As respondent correctly notes, "Harvey's plea of guilty . . . and the subsequent sentence occurred three lawyers and almost four years after Mr. Wilson's Motion to Withdraw was granted."  As a result, Harvey fails to demonstrate that he was in any way prejudiced by Wilson's performance.  Harvey is not entitled to relief on this claim.

    B.    <u>Harvey's Second Attorney, John P. Smith</u>

Wilson was replaced by John P. Smith.  Harvey complains that Smith did not review any discovery or research any issues.  He contends that he was "forced" to plead guilty, but does not

explain how anyone forced him to do so. Moreover, this assertion is contradicted by Harvey's own statements in open court at his rearraignment. Rearraignment Transcript (Dkt. No. 387) at 9. Harvey's allegations against Smith are entirely conclusory.

"Absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition, unsupported and unsupportable by anything else contained in the record, to be of probative evidentiary value." *Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983). "The . . . presentation of conclusory allegations unsupported by specifics is subject to summary dismissal." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). Because Harvey offers only unsupported allegations that Smith failed to investigate, and his claim of coercion is contradicted by the record, this claim must be dismissed.

    C.    <u>Attorney Case</u>

Harvey complains that attorney Case refused to pursue Harvey's wish to withdraw his guilty plea, refused to pursue unspecified "discovery issues," and refused to investigate alleged "civil rights violations," including an alleged warrantless search of Harvey's car. Harvey fails to identify any deficient performance by Case.

Rule 11(d)(2)(B) of the Federal Rules of Criminal Procedure provides that a defendant may withdraw a plea before sentencing if "the defendant can show a fair and just reason for requesting the withdrawal." Harvey does not identify any such reason. In the absence of any basis for withdrawing his plea, Case did not render deficient performance by declining to pursue Harvey's preferred course of action. *See, e.g., Koch v. Puckett*, 907 F.2d 524, 527 (5th Cir. 1990) ("This Court has made clear that counsel is not required to make futile motions or objections.").

Harvey's claim that the search of his car was warrantless is contradicted by the record. The PSR states that Harvey consented to the search, PSR (Dkt. No. 315) at 5-6, and Harvey

presents no evidence to the contrary. Harvey also complains that he was held in handcuffs for several hours while officers obtained a warrant to search a house, and complains that he had no attorney present at his arrest. To the extent that Harvey intends this as a complaint that law enforcement agents questioned him without counsel, the PSR notes that Harvey was informed of his rights and waived his right to counsel. *Id.* Harvey presents no evidence to the contrary. Harvey thus fails to identify any right violated by either of these alleged actions, and therefore fails to identify any action that counsel could have taken based on these allegations.

    D.    <u>Attorney Berg</u>

Harvey contends that Berg failed to address errors in the PSR. In fact, Berg filed objections to the PSR. *See* Dkt. Nos. 508, 515. Beyond that, Harvey's allegations are conclusory and fail to state grounds for relief.

## IV.   Conclusion

For the foregoing reasons, Harvey's motion is denied.

## V.   Certificate Of Appealability

Harvey has not requested a certificate of appealability ("COA"), but this Court may determine whether he is entitled to this relief in light of the foregoing rulings. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) ("It is perfectly lawful for district court's [sic] to deny COA *sua sponte*. The statute does not require that a petitioner move for a COA; it merely states that an appeal may not be taken without a certificate of appealability having been issued.") A defendant may obtain a COA either from the district court or an appellate court, but an appellate court will not consider a request for a COA until the district court has denied such a request. *See Whitehead v. Johnson*, 157 F.3d 384, 388 (5th Cir. 1988); *see also Hill v. Johnson*,

114 F.3d 78, 82 (5th Cir. 1997) ("[T]he district court should continue to review COA requests before the court of appeals does.").

A COA may issue only if the defendant has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A defendant "makes a substantial showing when he demonstrates that his application involves issues that are debatable among jurists of reason, that another court could resolve the issues differently, or that the issues are suitable enough to deserve encouragement to proceed further." *Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir.), *cert. denied*, 531 U.S. 966 (2000).

This Court has carefully reviewed each of Harvey's claims and finds that Harvey has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court concludes that Harvey is not entitled to a certificate of appealability.

## VI.  Conclusion And Order

For the foregoing reasons, it is ORDERED as follows:

1. The government's motion to dismiss (Dkt. No. 562) is GRANTED;
2. Defendant Thierry Kleston Harvey's motion to vacate, set aside, or correct sentence (Dkt. No. 536) is DENIED; and
3. No certificate of appealability shall issue.

The Clerk shall notify all parties and provide them with a true copy of this Memorandum and Order.

SIGNED on this 11th day of April, 2016.

Kenneth M. Hoyt
United States District Judge